FELIX, Respondent, v. APARTMENT HOMES COMPANY et al, Appellants.

(190 N. W. 78.)

(File No. 5135.   Opinion filed September 29, 1922.)

1.   **Appeal and Error—Settled Record—Verdict—Insufficiency of Evidence Not Considered, Where Record Does Not Contain All the Evidence.**

Where the record does not contain all the evidence received on the trial, as required by Rev. Code 1919, Sec. 3149, the question as to the insufficiency of the evidence to sustain the verdict cannot be considered.

2.   **Witnesses—Cross-examination—Fraud—Corporations—Evidence—Cross-examination as to Extent of Witnesses' Interest in Corporation Defendant Held Proper.**

Where, in an action against a corporation and one of its agents for deceit in the making of a contract, certain witnesses testified they were officers in the corporation, cross-examination as to the extent of their interest and the amount of capital of the corporation was proper.

3.   **Witnesses—Cross-examination—Fraud—Evidence—Cross-examination as to Whether Contract Was Made With Agent Because Corporation Was Financially Irresponsible Held Proper.**

In an action against a corporation and one of its agents for deceit in the making of a contract, question, "Did not S. refuse to make a contract with the corporation because he did not consider it financially responsible?" asked defendant agent on cross-examination, was proper.

Appeal from Circuit Court, Minnehaha County, Hon. JOHN T. MEDIN, Judge.

Action by W. A. Felix against the Apartment Homes Company and W. W. Wumkes. From a judgment for plaintiff and order denying a new trial, defendant Wumkes appeals. Affirmed.

*Bates, Johnson & Simons,* of Sioux Falls, for Appellant.
*Davis, Lyon & Bradford,* of Sioux Falls, for Respondent.

GATES, P. J.   Action for damages for deceit. Verdict and judgment for plaintiff against both defendants. New trial denied. Defendant Wumkes appeals.

Wumkes and others organized the defendant corporation with an authorized capital of $2,000,000. It does not appear that subscriptions thereto exceeding $3,000 were made. The corporation desired to buy lots from S. on which was the house in which

plaintiff was residing as tenant. S. refused to contract with the corporation, but did contract with Wumkes for the purchase of the property early in May 1920. The contract price was $29,400, of which $1,000 was paid in cash, $8,000 to be paid July 1st and the balance November 1st. Wumkes sought plaintiff, and told him the corporation had bought the property, and wanted to know when he would move. Arrangements were made whereby within a few days plaintiff bought another lot and the corporation, through Wumkes, contracted to sell the house in question to plaintiff and move it upon the new lot and make certain specified improvements for the total consideration of $2,450. Plaintiff paid down $450, and agreed to pay the other $2,000 upon the completion of the contract.

The latter part of June, Wumkes induced S. to cancel their contract for the sale of the lots by paying S. $1,000 at that time. The corporation did not perform its contract with plaintiff; hence this action.

[1] The first question raised is the insufficiency of the evidence to sustain the verdict, but as the appellant's brief does not purport to contain all of the material evidence received upon the trial we do not consider that question. Rev. Code 1919, § 3149; Supreme Court rule 4 (170 N. W. vii) ; Smith v. Pence, 33 S. D. 516, 146 N. W. 709.

Appellant next urges that he merely acted as agent for a disclosed principal in his contract with S. and in the contract between the corporation and plaintiff and in making the representations leading thereto, and therefore he was not personally liable to plaintiff. For this reason he assails the refusal of the court to sustain his objection to the introduction of testimony. It is sufficient to observe that the complaint alleges that the fraudulent representations were made by both defendants.

[2] The remaining points go to the overruling of objections to testimony of defendants' witnesses on cross-examination. Appellant says the questions were not proper cross-examination. The witnesses had testified they were officers of the corporation. The cross examination sought to discover the extent of their interest therein and the amount of capital of the corporation. The questions were clearly within the permissible limits of cross-examination.

[3]    Another question asked of Wumkes is likewise assailed:
"Did not S. refuse to make a contract with the corporation
because he did not consider it financially responsible?"

Wumkes had testified that he made the contract with S. in
his own name as a matter of convenience.  The question asked
was clearly proper cross-examination.

Finding no error in the record, the judgment and order ap-
pealed from are affirmed.

Note—Reported in 190 N. W. 78.    See (1) American Key-Num-
bered Digest, Appeal and Error, Key-No. 695(1), 4 C. J. Sec. 2329;
(2) Witnesses, Key-No. 367(1), 40 Cyc. 2654; (3) Witnesses, Key-
No. 268(1), 40 Cyc. 2480.

On competentcy of stockholder as witness where corporation is
a party to suit prosecuted by or against a personal representative,
see note 27 L. R. A. (N. S.) 816, 28 R. C. L. 507.